# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 29, 2013

No. 12-30577
Summary Calendar

Lyle W. Cayce
Clerk

PATRICK OLIVER,

Plaintiff-Appellant

v.

WEEKS MARINE, INCORPORATED,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-00796

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Patrick Oliver brought claims of unseaworthiness and negligence against his employer Weeks Marine, Inc., following injuries sustained when a portable ladder used to access Oliver's bunk-bed fell during his use. Following a two-day bench trial, the district court found that Oliver established neither claim and dismissed the suit with prejudice. Oliver appeals, and we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30577

The heart of Oliver's appeal is that the district court did not give proper weight to two safety documents. The first document was the Weeks Marine Employee Safety Handbook ("Handbook"), a document published by the defendant-employer. The second document was the U.S. Army Corps of Engineers Safety and Health Requirements Manual ("Manual"), a document incorporated into the contract between Weeks Marine and the Corps of Engineers for the project on which Oliver was injured.

Both documents contain sections on portable ladders. The Corps' Manual provides that portable ladders "shall extend at least 3 ft (0.9 m) above the upper landing surface" or, when not possible, "a grasping device (such as a grab rail) shall be provided to assist workers in mounting and dismounting the ladder." The Handbook contains this same provision and other provisions similar to those in the Manual but in a less comprehensive manner. Oliver asserts that the ladder on which he was injured violated these standards, establishing unseaworthiness and negligence as a matter of law.

The district court determined that the provisions of neither document applied to ladders used in sleeping quarters. We review the district court's legal conclusion that neither document applies *de novo*. *Mendes Jr. Int'l Co. v. M/V Sokai Maru*, 43 F.3d 153, 155 (5th Cir. 1995). If we agree with that conclusion, we need not decide whether either document creates liability when its standards are not followed. The applicability of regulations is a legal question that sets the stage for the fact questions to be answered by the trier of fact. *See Marshall v. Isthmian Lines, Inc.*, 334 F.2d 131, 134 (5th Cir. 1964).

The scope of topics addressed by the Manual, including subjects such as conveyers, cranes, scaffolding, and excavations, suggests that the document governs work locations and not sleeping quarters. Section 24.B on ladders refers repeatedly to "work" using the terms "work location" and "work area." In the

No. 12-30577

Handbook, a section devoted to "housing" is separate from the section covering ladders. Although Oliver is correct that nothing in the documents specifically limits the applicability of the ladder requirements to work areas as opposed to sleeping quarters, the context and language of those requirements demonstrate that the requirements are not applicable to portable ladders used in sleeping quarters.

We therefore agree with the district court that the Manual and Handbook do not set forth standards governing the ladder at issue here.

Oliver also challenges the district court's application of the law of unseaworthiness and that court's factual determinations on both the unseaworthiness and negligence claims.

The district court correctly stated the law of unseaworthiness liability as requiring 1) a vessel, equipment, or crew not reasonably fit and safe for the purposes required (*i.e.*, an unseaworthy condition), 2) that unseaworthiness actually caused or played a substantial role in causing injury, and 3) that the injury was "the direct result or reasonably probable consequence of that unseaworthiness." *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 380 (5th Cir. 2012). The district court's factual analysis considered elements of negligence alongside those of unseaworthiness, but we disagree with Oliver that such grouping in the analysis caused an erroneous application of the law.

After a bench trial, a district court's findings of fact on unseaworthiness are reviewed for clear error. *Id.* at 376. Similarly "the district court's findings of negligence, cause-in-fact, and proximate cause are treated as factual findings subject to the clearly erroneous standard." *Bertucci Contracting Corp. v. M/V ANTWERPEN*, 465 F.3d 254, 259 (5th Cir. 2006). Our clear error review looks beyond the factual findings and considers "the record viewed as a whole." *Id.* at 258. The district court relied on Oliver's prior, safe use of the ladder over 100

3

No. 12-30577

times, his admission that he did not check the ladder prior to use, and his inability to explain how the ladder detached. Also relevant was defense testimony regarding the absence of other accidents and the widespread usage of the type of ladder in question in the industry. The district court found that the ladder at issue was "reasonably fit for its intended use," "common in the maritime industry," and not defective.

There was no clear error in the district court's determination that the facts did not support Oliver's claims for unseaworthiness or negligence.

AFFIRMED.